**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Ronald J. SWIERSKI, Appellee.**

No. 2–00–022–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 18, 2001.

Timothy K. Colvin, Hearing Atty. Texas Dept. of Public Safety, Austin, for appellant.

Ronald J. Swierski, McKinney, for appellee.

Before DAY, LIVINGSTON and GARDNER, JJ.

## OPINION

GARDNER, Justice.

### I. INTRODUCTION

The issue presented in this appeal is whether Appellee Ronald J. Swierski's conviction for conversion of government money, a federal *misdemeanor* offense punishable by imprisonment for *not more than one year*, qualifies as a disqualifying *felony* conviction for the purposes of Texas's Concealed Handgun Act, which defines a "felony" as an offense carrying a possible punishment of confinement for *one year or more* in a *penitentiary*.

### II. FACTUAL BACKGROUND

Appellant Texas Department of Public Safety (the "Department") issued a letter on March 12, 1999, denying Swierski's application for a license to carry a concealed handgun under former section 2(a)(3) of article 4413(29ee) of the Vernon's Revised Texas Civil Statutes, which is now codified as section 411.172(a)(3) of the Concealed Handgun Act (the "Act").[1] Section 411.172(a)(3) provides that a person is eligible for a license to carry a concealed handgun if the person has not been convicted of a felony.

The Department's denial was based on evidence that Swierski had been convicted in 1990 of the federal misdemeanor offense of conversion of government money of a value less than $100. Swierski was given 5

years' probation and ordered to pay restitution of $5,331.

After a contested-case hearing, a Tarrant County justice of the peace reversed the Department's denial of Swierski's application. The Department appealed this decision to Tarrant County Court at Law No. 3. In the county court, the Department argued that, for the purposes of the Act, Swierski's 1990 federal misdemeanor conviction was a disqualifying felony conviction. The county trial court found the conviction to be a misdemeanor for purposes of the Act and denied the Department's petition to deny Swierski's application for a license to carry a concealed handgun. The Department appeals the county court's decision.

### III. DISCUSSION

On appeal, the Department argues that the county court's decision is erroneous, and that Swierski's conviction for the federal misdemeanor offense of conversion of government money is a disqualifying felony conviction under the Act. We disagree.

Under the Act, one of the eligibility requirements for a concealed handgun license is that a person "has not been convicted of a felony." TEX.GOV'T CODE ANN. § 411.172(a)(3). The Act defines "felony" to include an offense for which confinement in a "penitentiary" for "one year or more" is affixed to the offense. *Id.* § 411.172(b). Swierski's 1990 conviction was classified under federal law as a *misdemeanor*[2] and carried a maximum possible punishment of "not more than one

**1.** Act of May 26, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex.Gen.Laws 1998, 1999, *repealed by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 10.01, 1997 Tex.Gen.Laws 327, 398 (current version at TEX.GOV'T CODE ANN. § 411.172(a)(3) (Vernon Supp.2000)).

**2.** *See* Act of Oct. 12, 1984, Pub.L. 98–473, Title II, § 212(a)(2), 98 Stat.1991 (*amended* 1987, 1988, 1994, 1998) (current version at 18 U.S.C.A. § 3559 (West 2000)).

year" of imprisonment.[3] The Department contends that, because Swierski faced a possible maximum imprisonment of one year, the federal misdemeanor of which he was convicted falls within the Act's definition of a felony. Under this question of statutory interpretation, we must determine the legislature's intent.

■ Texas Supreme Court jurisprudence mandates that we enforce the plain meaning of an unambiguous statute. *Tune v. Texas Dep't of Pub. Safety,* 23 S.W.3d 358, 363 (Tex.2000). If a statute is clear and unambiguous, we need not resort to rules of construction or other extrinsic aids to construe it. *Id.* Whether a statute is ambiguous is a question of law. *Retama Dev. Corp. v. Texas Workforce Comm'n,* 971 S.W.2d 136, 139 (Tex.App.—Austin 1998, no pet.). Ambiguity exists if reasonable persons can find different meanings in the statute. *Teleprofits of Texas, Inc. v. Sharp,* 875 S.W.2d 748, 750 (Tex.App.—Austin 1994, no writ).

■ If a statute is determined to be ambiguous, this court's primary objective in construing that statute is to ascertain the legislature's intent and to give effect to that intent. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997). We are bound to construe a statute as written and, if possible, to ascertain the legislature's intent from the language used in the statute. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985).

The language in the Act, by itself, is clear and unambiguous, and we follow its plain meaning. *See Tune,* 23 S.W.3d at 363. The definition of "felony" under the Act is clearly stated as any offense for which an offender faces a possible punishment of imprisonment in a *penitentiary*

for *one year or more.* TEX.GOV'T CODE ANN. § 411.172(b). The plain language in this definition necessarily includes an offense classified as a misdemeanor under federal law if the range of punishment for that offense includes imprisonment in a penitentiary for one year. As stated above, Swierski's federal misdemeanor conviction for conversion of government money carried with it a possible punishment of one year or less and, therefore, meets the "one year" qualification for purposes of the definition of "felony" under the Act. However, our analysis does not end there, as we still must determine whether this possible punishment affixed to his offense contemplates imprisonment in a *penitentiary.*

Section 4083 of Title 18 of the United States Code is the federal statute that governs federal penitentiary imprisonment, which reads as follows:

> Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for *more than one year* may be confined in any United States penitentiary.
>
> A sentence for an offense punishable by imprisonment for *one year or less* shall not be served in a penitentiary without the consent of the defendant.

18 U.S.C.A. 4083 (West 2000) (emphasis added).

■ Because the statute unambiguously states that a person convicted of a federal offense that carries a possible punishment of confinement *for one year or less* may not be confined in a federal penitentiary absent that person's consent,[4] we must

---

3. Act of June 25, 1948, ch. 645, § 641, 62 Stat. 725 (*amended* 1994, 1996) (current version at 18 U.S.C.A. § 641 (West 2000)).

4. *Sepulveda v. Squier,* 192 F.2d 796, 798 (9th Cir.1951).

decide whether the possibility of such a consent brings the offense within the definition of "felony" under the Act. We hold it does not.

 On one hand, it seems logical that a defendant *might* consent to being confined in a federal penitentiary for one year or less, and such consensual imprisonment is therefore "affixed to the offense as a possible punishment." However, the purpose of this federal statute in prohibiting service of the sentence in a penitentiary without the defendant's consent is to separate misdemeanants from felons. *Williams v. Daggett,* 377 F.Supp. 1110, 1112 (D.C.Kan. 1974). Similarly, the Act specifically defines and distinguishes between "felony" offenses, which disqualify a person from obtaining a license to carry a concealed handgun, and Class A misdemeanor offenses, which do not act to disqualify applicants. TEX.GOV'T CODE ANN. § 411.172(b)(1), (2). The language of the Act indicates only that the legislature intended to keep concealed handguns out of the hands of convicted felons—not misdemeanants. *See Tune,* 23 S.W.3d at 363. With these observations in mind, we believe the mere possibility that a person convicted of a federal misdemeanor offense might consent to confinement in a federal penitentiary does not bring that offense within the purview of "felony" under the Act.

Consequently, Swierski's federal misdemeanor conviction for conversion of government money is not a felony conviction that disqualifies him from obtaining a concealed handgun license under the Act. We hold the trial court did not err in denying the Department's petition to deny Swierski's concealed handgun license application. We overrule the Department's sole issue.

## IV. CONCLUSION

Having overruled the Department's issue, we affirm the trial court's judgment.