**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-11-00588-CV**

_____

**IN RE COMMITMENT OF ROBERT M. ADAME**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-03-03116-CV**

**MEMORANDUM OPINION**

The State filed a petition seeking the involuntary civil commitment of Robert M. Adame as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found Adame suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* § 841.003 (West 2010). The trial court signed an order of commitment, and Adame filed this appeal from the final judgment. The issues raised on appeal present no reversible error. We affirm the trial court's judgment.

## THE STATUTE

The State was required to prove beyond a reasonable doubt that Adame is a sexually violent predator. *See id.* § 841.062(a) (West 2010). The statute defines "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). A "behavioral abnormality" is a "congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012).

## THE EVIDENCE

Adame received ten years' probation for the aggravated rape of a woman in a park in 1980. His probation was revoked. After being released from prison on parole, he attempted to sexually assault a woman in a hospital in 1985. He pleaded guilty to the offense and was sentenced to four years in prison. He was released on parole. In 1992, he pleaded guilty to the 1991 aggravated sexual assault of a child. He also pleaded guilty to burglary in an unrelated case. The trial court sentenced Adame to twenty-five years for the burglary charge and twenty years for the

aggravated sexual assault of a child charge. Adame was serving the concurrent sentences when the State filed its petition for commitment.

Dr. Stephen Thorne, a clinical and forensic psychologist, and Dr. David Self, a forensic psychiatrist, testified as experts for the State. The experts testified that Adame has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence.

JURISDICTION

Adame contends the trial court lacked subject matter jurisdiction because the Legislature intended "anticipated release date" to apply only to a person who is about to complete a sentence. He maintains the SVP statute does not apply to him, because "he was either about to be released under some form of supervision on January 24, 2012, or in the alternative, still incarcerated to serve out the remainder of his burglary sentence through 2016 when the State filed its civil commitment petition against him on March 18, 2011." Adame asserts the commitment petition is not ripe for adjudication. The State contends that Adame failed to preserve his complaint for appellate review. The State also asserts that the SVP statute applies to those who are released on parole.

The ripeness component of subject matter jurisdiction may be raised for the first time on appeal. *In re Commitment of Villegas*, No. 09-12-00085-CV, 2013

3

Tex. App. LEXIS 1596, at *2 n.1 (Tex. App.—Beaumont Feb. 21, 2013, no pet. h.) (mem. op.) (citing *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000)). This Court has previously held, however, that the SVP statute "does not distinguish between those anticipated to be released on parole and those anticipated to be released unconditionally as a result of completion of their sentences." *In re Commitment of Evers*, No. 09-11-00430-CV, 2012 Tex. App. LEXIS 10274, at *4 (Tex. App.—Beaumont Dec. 13, 2012, pet. denied). We further held that "[w]hether the person is convicted of another offense after the State files a petition seeking civil commitment . . . or whether a person is released on parole or released unconditionally, there is nothing in [the SVP statute] that indicates the Legislature intended to divest the trial court of jurisdiction." *Id.*, at **12-13. We overrule issue one.

### THE EVIDENTIARY RULING

Adame argues that the trial court erred in admitting evidence of the graphic details of his prior offenses, and that the probative value of the details was substantially outweighed by the danger of unfair prejudice. He argues these details were inadmissible hearsay, and unfairly prejudicial under Texas Rules of Evidence 403 and 705(d). He objected at trial to the experts' testimony concerning the

4

details of the offenses. The trial court overruled the objection but provided the jury with a limiting instruction. *See* Tex. R. Evid. 705(d).

We review a trial court's decision concerning the admissibility of evidence for an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We will reverse a judgment if an error by the trial court probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. *See* Tex. R. App. P. 44.1(a).

Rule 705(a) of the Texas Rules of Evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which the expert bases an opinion. Tex. R. Evid. 705(a); *Boswell v. Brazos Elec. Power Coop., Inc.*, 910 S.W.2d 593, 602 (Tex. App.—Fort Worth 1995, writ denied). Rule 705(d) provides:

> When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise

inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Tex. R. Evid. 705(d); *see In re Commitment of Day*, 342 S.W.3d 193, 198-99 (Tex. App.—Beaumont 2011, pet. denied).

Adame asks that we "adopt the reasoning of the lead plurality opinion in *Williams*." *See Williams v. Illinois*, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012). He notes that the *Williams* opinion sets out "examples of how 'basis evidence' that is not admissible for its truth may be disclosed for legitimate nonhearsay purposes." *Williams* is a criminal case applying the Confrontation Clause. *Id*., 132 S.Ct. at 2227. Rule 705(d) of the Texas Rules of Evidence applies under the circumstances here, and the trial court apparently sought to follow that rule in providing the jury with a limiting instruction.

Thorne and Self explained the facts they considered in forming their opinions, and how those facts affected each of their evaluations. The trial judge could reasonably conclude the evidence assisted the jury in weighing the testimony and considering the opinion each expert offered. The trial judge could also reasonably conclude the experts' testimony was not unfairly prejudicial. *See In re Commitment of Ford*, No. 09-11-00425-CV, 2012 Tex. App. LEXIS 2221, at **4-5 (Tex. App.—Beaumont Mar. 22, 2012, no pet.) (mem. op.); *In re Commitment of Day*, 342 S.W.3d at 199. We presume the jury followed the trial court's limiting

6

instruction. *In re Commitment of Day*, 342 S.W.3d at 199. On this record, we cannot conclude that the trial court erred in overruling the objection, or that the trial court's limiting instruction was insufficient.

Adame also asserts that the repeated admission of the facts surrounding his prior offenses through his testimony and the experts' testimony was fundamental error and deprived him of a fair trial. The State maintains the issue was not preserved for appellate review and that the fundamental error exception does not apply to SVP cases. According to Adame, he should be able to raise the issue for the first time on appeal because, "[a]lthough the State's case against Mr. Adame is brought under the provisions of a civil statute, the fact remains that Mr. Adame's liberty was at stake" and he was entitled to a fair trial.

SVP cases are civil proceedings, not criminal or quasi-criminal. *See In re Commitment of Martinez*, 98 S.W.3d 373, 375 (Tex. App.—Beaumont 2003, pet. denied) ("Chapter 841 is a civil, not a criminal or quasi-criminal, statute."). A civil commitment proceeding is subject to the rules of civil procedure unless otherwise provided by the Act. Tex. Health & Safety Code Ann. § 841.146(b) (West 2010). To preserve error concerning the admission of evidence, a party must timely object, stating the specific ground of objection, if the specific ground is not apparent from the context. Tex R. Evid. 103(a)(1); *see also* Tex. R. App. P.

33.1(a). The trial court granted Adame a running objection as to hearsay. Adame did not specifically object on the basis that the repeated details of the offenses were cumulative of other evidence, or unduly repetitive, and he has waived that objection. *See* Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a). Furthermore, this Court has held that allowing an expert "to explain which facts were considered and how those facts influenced his evaluation" may assist the jury in assessing the expert's opinion. *In re Commitment of Day*, 342 S.W.3d at 199. Even if we were to assume that Adame's trial objection was sufficient to preserve the complaint for review on appeal, we see no abuse of discretion under the circumstances in the trial court's exercise of control over the manner in which the trial was conducted. *See* Tex. R. Evid. 611(a). Issues two, three, and four are overruled.

### THE SUPPLEMENTAL ISSUE

In Adame's supplemental brief, he argues the Texas Supreme Court's opinion in *In re Commitment of Bohannan*, 388 S.W.3d 296, 302-03 (Tex. 2012) has the effect of eliminating requirements for civil commitment under the SVP statute. Adame further argues the statute is therefore facially unconstitutional. As this Court recently stated in *In re Commitment of Anderson*, "We do not read the *Bohannan* opinion as eliminating a statutory requirement, or as altering the proof required under the statute to find that a person is a sexually violent predator." *In re*

8

*Commitment of Anderson*, No. 09-11-00613-CV, 2013 Tex. App. LEXIS 602, at **19-20 (Tex. App.—Beaumont Jan. 24, 2013, pet. filed). We overrule the issue in Adame's supplemental brief.

The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on March 14, 2013
Opinion Delivered April 18, 2013

Before Gaultney, Kreger, and Horton, JJ.