In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-12-00523-CV
_____

## IN RE COMMITMENT OF ROBERT LEOS

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-02-01648 CV

## MEMORANDUM OPINION

The State of Texas filed a petition to commit appellant Robert Leos as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Leos is a sexually violent predator, and the trial court signed a final judgment and order of civil commitment. In four appellate issues, Leos argues the Texas Supreme Court's recent construction of Chapter 841 of the Health and Safety Code renders the statute unconstitutional, the trial court lacked subject matter jurisdiction over the State's civil commitment petition, the evidence is legally insufficient to support a finding that Leos is likely to engage in a predatory act of sexual violence, and the trial court erred by making

1

comments to the venire that minimized the jury's role. We affirm the trial court's judgment and order of civil commitment.

## ISSUE ONE

In his first issue, Leos argues the Texas Supreme Court's construction of some of the provisions of Chapter 841 of the Health and Safety Code "renders those statutory provisions facially unconstitutional and in violation of the Fourteenth Amendment's due process clause." Specifically, Leos complains of the Texas Supreme Court's decision in *In re Commitment of Bohannan*, 388 S.W.3d 296 (Tex. 2012), *cert. denied*, 133 S. Ct. 2746 (2013). We have previously rejected a similar argument, noting that "*Bohannan* did not eliminate any proof required by the statute for a sexually-violent-predator finding, nor did the Supreme Court change the statute or render it unconstitutional." *In re Commitment of Anderson*, 392 S.W.3d 878, 885 (Tex. App.—Beaumont 2013, pet. denied). For the same reasons set forth in *Anderson*, we reject Leos's argument. We overrule issue one.

## ISSUE TWO

In his second issue, Leos contends the trial court lacked subject matter jurisdiction over the State's civil commitment petition because he does not have an anticipated release date, which he asserts applies "only to a person who is about to

complete his sentence[,]" and that since he will be paroled, he will remain under a form of restraint. *See* Tex. Health & Safety Code Ann. § 841.021. As Leos acknowledges in his brief, we have previously decided this issue adversely to him. The SVP statute "does not distinguish between those anticipated to be released on parole and those anticipated to be released unconditionally as a result of completion of their sentences." *In re Commitment of Evers*, No. 09-11-00430-CV, 2012 Tex. App. LEXIS 10274, at *4 (Tex. App.—Beaumont Dec. 13, 2012, pet. denied). "Whether the person is convicted of another offense after the State files a petition seeking civil commitment . . . or whether a person is released on parole or released unconditionally, there is nothing in [the SVP statute] that indicates the Legislature intended to divest the trial court of jurisdiction." *Id*. at **12-13. For the same reasons articulated in *Evers*, we reject Leos's jurisdictional arguments. We overrule issue two.

## ISSUE THREE

In his third issue, Leos argues the evidence is legally insufficient to support a finding that he is likely to commit a predatory act of sexual violence. When reviewing the legal sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict to determine whether a rational jury could have found, beyond a reasonable doubt, that Leos is a sexually violent offender.

3

*See In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the fact finder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887.

Pursuant to the SVP statute, the State must prove beyond a reasonable doubt that "the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a). The SVP statute defines "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. § 841.003. The statute defines "behavioral abnormality" as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2). The inability to control behavior "must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." *Kansas v. Crane*, 534 U.S. 407, 413 (2002).

The record contains legally sufficient evidence from which the jury could determine that Leos is a sexually violent predator and is likely to commit predatory acts of sexual violence against individuals for the primary purpose of victimization. Board-certified psychiatrist Dr. Sheri Gaines testified that based on interviews with Leos, Leos's records and history, and his diagnosed conditions, Leos has a behavioral abnormality that makes him likely to commit predatory acts of sexual violence.

The jury heard evidence concerning Leos's risk factors, including his repeated sexual offenses, diagnosis of sexual deviancy in the form of pedophilia, blaming the victims of his offenses, lack of intimate adult relationships, reoffending while on mandatory supervision and probation, substance abuse issues, and ongoing fantasies about prepubescent children.

The jury could reasonably conclude that Leos is likely to engage in a predatory act of sexual violence. *See Mullens*, 92 S.W.3d at 887; *see also In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *13 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.); *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied). The jury could reasonably conclude that Leos has serious difficulty controlling his behavior and is likely to commit predatory acts of sexual violence. *See Mullens*, 92

5

S.W.3d at 887; *see also Burnett*, 2009 Tex. App. LEXIS 9930, at *13; *Almaguer*, 117 S.W.3d at 506. Such conclusions are implicit in the jury's finding that Leos is a sexually violent predator, which the charge defined as a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *16 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.) (citing *Almaguer*, 117 S.W.3d at 505); *see also In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at **12-13 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.).

Reviewing all of the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Leos is a sexually violent predator who is likely to commit predatory acts of sexual violence; therefore, the evidence is legally sufficient. *See Kansas*, 534 U.S. at 413; *Mullens*, 92 S.W.3d at 885. We overrule issue three.

ISSUE FOUR

In his fourth issue, Leos contends the trial court erred by making comments to the venire that minimized the jury's role. During voir dire, the trial judge told the venire as follows:

6

You have to have at least two offenses, and then you have to have a behavioral abnormality.

So the first question is: Does he have the two offenses?

Second question is: Does he have a behavioral abnormality? Does everybody understand that?

You're not asked . . . what happens next. . . .

. . . .

The statute leaves it up to the Judge what happens based upon the 'yes' or 'no' question.

On appeal, Leos complains that the trial judge's statement that the statute leaves it to the judge to decide what happens based upon the questions was inaccurate "because the trial court has no discretion but to civilly commit when the jury has made the necessary findings[.]" According to Leos, the trial judge's comments "would have led the jury to minimize the important role it had in this case."

Leos did not object on this ground at trial. Leos also failed to raise this issue in his motion for new trial. We conclude that by failing to lodge a timely objection, Leos has not preserved this issue for our review. *See* Tex. R. App. P. 33.1(a). Accordingly, we overrule issue four and affirm the trial court's judgment and order of civil commitment.

7

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 1, 2013
Opinion Delivered October 17, 2013

Before Gaultney, Kreger, and Horton, JJ.