In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00029-CV
_____

IN RE COMMITMENT OF ERNEST RALPH WILLIAMS

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-06-06548 CV

MEMORANDUM OPINION

The State of Texas filed a petition to commit Ernest Ralph Williams as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Williams is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In two appellate issues, Williams contends (1) the State's original petition was barred by the statute of limitations and (2) the trial court erred by denying his discovery requests. We affirm the trial court's judgment and order of civil commitment.

1

## Statute of Limitations

In issue one, Williams challenges the trial court's denial of his motion for summary judgment. We review a trial court's summary judgment ruling *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. The movant must show that no genuine issue of material fact exists and he is entitled to judgment as a matter of law. *Id*. at 216. We also review issues of statutory construction *de novo*, and our objective is to give effect to the Texas Legislature's intent. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Id*.

On March 21, 2013, the Texas Department of Criminal Justice informed the Special Prosecution Unit that the multidisciplinary team had determined that Williams is a repeat sexually violent predator and is likely to reoffend. The State received this letter on April 1 and filed its petition on June 21. In his answer, Williams asserted that the State's petition was barred by the statute of limitations. The trial court subsequently denied Williams's traditional motion for summary judgment on his limitations defense. At trial, Williams re-urged his motion, which

2

the trial court again denied. On appeal, Williams argues that section 841.041(b)(1) of the Texas Health and Safety Code required the State to file its petition within ninety days from the date of the TDCJ's referral letter rather than the date on which the referral was received.

When an SVP candidate is referred to the State, the State may file a petition alleging that the person is a sexually violent predator and stating facts sufficient to support the allegation. *In re Commitment of Fisher*, 164 S.W.3d 637, 641 (Tex. 2005). The State must file the petition no later than the 90th day after the date the person is referred to the State's attorney. Tex. Health & Safety Code Ann. § 841.041(b)(1) (West 2010); *Fisher*, 164 S.W.3d at 641. "Referred" is the past tense of "refer" and the root of the word "reference," and it is defined as the act of sending or directing to another for investigation, information, service, consideration, or decision. *See* Black's Law Dictionary 1306-07 (8th ed. 2004). Section 841.041(b)(1) is susceptible to more than one meaning: (1) "referred" means the date of the TDCJ's referral letter; (2) "referred" means the date the TDCJ transmits its referral letter to the State; or (3) "referred" means the date the State receives the referral letter. *See id*. Because of this ambiguity, to construe section 841.041(b)(1), we may consider the: "(1) object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; (4)

common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency provision." Tex. Gov't Code Ann. § 311.023 (West 2013); *see Tex. Dep't of Public Safety v. Swierski*, 49 S.W.3d 417, 419 (Tex. App.—Fort Worth 2001, no pet.) ("Ambiguity exists if reasonable persons can find different meanings in the statute.").

"The SVP statute accomplishes dual interests that are possessed by the State: (1) the *parens patriae* power to provide care to its citizens who are unable because of emotional disorders to care for themselves; and (2) the police power to protect the community from the dangerous tendencies of some who lack volitional control over certain types of dangerous behaviors." *In re Commitment of Rushing*, No. 09-11-00268-CV, 2012 Tex. App. LEXIS 8140, at **5-6 (Tex. App.—Beaumont Sept. 27, 2012, no pet.) (mem. op.); *see In re Commitment of Evers*, 420 S.W.3d 81, 86 (Tex. App.—Beaumont 2012, pet. denied). "Through long-term supervision and treatment, the SVP statute addresses the risk of repeated predatory behavior by persons suffering from behavioral abnormalities not amenable to traditional mental illness treatment modalities." *Rushing*, 2012 Tex. App. LEXIS 8140, at *6 (citation omitted). "The intended result of the statute is to prevent

4

repeated predatory behavior by providing sex offender treatment to persons afflicted with a difficulty controlling their behavior that predisposes them to sexual violence to the extent they become a menace to the health and safety of others." *Id*.

In other similar provisions in the SVP statute, the TDCJ is required to give the multidisciplinary team notice of a person's status as a potential predator and, no later than sixty days after the multidisciplinary team receives this notice, the team must make its assessment, notify the TDCJ of its assessment, and make its recommendation. Tex. Health & Safety Code §§ 841.021, 841.022 (West Supp. 2013). The statute further provides that the TDCJ, or the Department of State Health Services, then has sixty days to conduct its own assessment and if it believes that the person suffers from a behavioral abnormality, it "shall give notice of that assessment and provide corresponding documentation to the [State's] attorney not later than the 60th day after the date of [the multidisciplinary team's] recommendation[.]" *Id*. § 841.023(b) (West Supp. 2013). The Texas Supreme Court has construed section 841.023(b) as follows: "If the TDCJ or the TDMHMR concludes that the person suffers from a behavioral abnormality, the department must give notice and corresponding documentation to the state's attorney not later than sixty days after *receiving* the team's recommendation." *Fisher*, 164 S.W.3d at 640-41 (emphasis added).

5

In light of the State's dual interests in exercising its *parens patriae* and police powers, the purpose of the statute to protect the community and provide treatment for the SVP, and the Texas Supreme Court's construction of a similar provision to mean the date upon which notice is received, the interpretation of section 841.041 that best serves the intent of the SVP statute is that the State must file its petition alleging predator status within ninety days of its receipt of the referral letter. *See id.*; *see also Evers*, 420 S.W.3d at 86; *Rushing*, 2012 Tex. App. LEXIS 8140, at **5-6. In this case, the State received the referral letter from the TDCJ on April 1 and filed its petition on June 21, within ninety days after receiving the referral letter. Accordingly, since the State's petition was timely filed in accordance with section 841.041, whether or not the Legislature intended it to operate as a period of limitation is an issue we need not decide. We overrule issue one.

Discovery

In issue two, Williams challenges the trial court's denial of his discovery requests regarding the multidisciplinary team's assessment. "We review a trial court's discovery rulings for abuse of discretion." *In re Commitment of Perez*, No. 09-12-00132-CV, 2013 Tex. App. LEXIS 1866, at *13 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.) (citation omitted). "We will reverse a

6

judgment upon a challenge to that court's discovery ruling when the appellant shows that the trial court abused its discretion and the trial court's error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal." *Id.* at *16; Tex. R. App. P. 44.1(a).

In a notice of intent to take the State's oral deposition with subpoena duces tecum, Williams requested the following:

> The method by which the Multidisciplinary Team selected [Williams] for referral to the Special Prosecution Unit for prosecution as a sexually violent predator[.]

> The criteria used by the Multidisciplinary Team to select [Williams] for referral to the Special Prosecution Unit for prosecution as a sexually violent predator[.]

> . . .

> All documents concerning the multidisciplinary team assessment of [Williams].

The State moved to quash on grounds that the requests sought protected work product, information outside the scope of discovery, and information regarding matters within the realm of prosecutorial discretion. The trial court granted the State's motion.

In a request for production, Williams sought the following:

> The complete file reviewed by the expert who assessed [Williams] at the [request of the] multidisciplinary team pursuant to Section 841.023 of Chapter 841.

All documents generated by the expert who assessed [Williams] at the request of the multidisciplinary team pursuant to Section 841.023 of Chapter 841.

The State objected that these requests sought information from testifying experts in violation of the discovery rules. Williams filed both a motion to compel the State's responses to these requests and a motion to determine the sufficiency of the State's objections. The trial court denied both motions.

Assuming without deciding that the trial court abused its discretion by sustaining the State's objections to the above requests, we conclude that any error was harmless. The trial court's docket control order required the State to produce the Multi-Disciplinary Team referral packet, which generally contains the offender's psychological evaluation, parole reviews, penitentiary packets, educational records, sex offender treatment program records or evaluations, medical records, and prison disciplinary records. *See Perez*, 2013 Tex. App. LEXIS 1866, at \*16-17. Because Williams had access to other sources to obtain the information he sought in his discovery requests, any error in the trial court's decision to sustain the State's objections did not cause the rendition of an improper judgment or prevent Williams from presenting his case on appeal. *See* Tex. R. App. P. 44.1(a). We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

                        _____

                                   STEVE McKEITHEN
                                   Chief Justice

Submitted on July 22, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.