In re COMMITMENT OF
Michael McKINNEY.

No. 09–04–293 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 18, 2004.

Decided Dec. 22, 2004.

Daniel E. Maeso, Nelda F. Williams, State Counsels for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

The State of Texas filed a petition to commit Michael McKinney as a sexually violent predator. See Tex. Health & Safety Code Ann. §§ 841.001–.150 (Vernon 2003 & Supp.2004–05). A jury found McKinney suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence, and further found McKinney has serious difficulty in controlling his sexually violent behavior. The appellant does not challenge the sufficiency of the evidence to support the jury's findings. The trial court entered a final judgment and order of civil commitment. McKinney presents three issues in his appeal. We find no error and affirm the judgment.

■ The appellant's first issue contends the judgment is void because section 841.041 of the Health and Safety Code violates the state constitutional prohibition on the passage of special and local laws changing the venue in civil and criminal cases. See Tex. Const. art. III, § 56(a)(4); Tex. Health & Safety Code Ann. § 841.041(a) (Vernon Supp.2004–05). McKinney did not present this challenge to the trial court, and raises the issue for the first time on appeal. Therefore, no error is preserved for appellate review. *In re Commitment of Johnson*, No. 09–04–060 CV, 2004 WL 2955000, 153 S.W.3d 129 (Tex.App.-Beaumont 2004, no pet. h.)(not yet reported); Tex.R.App. P. 33.1. Issue one is overruled.

■ In his second issue, McKinney argues section 841.082(d) of the Texas Health and Safety Code is void for vagueness "in that it appears to mandate the trial judge to transfer jurisdiction 'for purposes of appeal' to another district court." See Tex. Health & Safety Code Ann.

§ 841.082(d) (Vernon Supp.2004–05). We considered and rejected an identical argument in *In re Commitment of Lowe*, 151 S.W.3d 739, 741-44 (Tex.App.-Beaumont 2004, no pet. h.). We reject McKinney's argument for the same reasons expressed in Lowe. Issue two is overruled.

■ In his third issue, McKinney contends the commitment requirements of section 841.042 of the Health and Safety Code and the final judgment and commitment order violate due process because they are overly broad and vague. See Tex. Health & Safety Code Ann. § 841.082(a) (Vernon Supp.2004–05). Except for a reference to separation of powers, the arguments presented by McKinney were also presented in *Johnson*. *Johnson*, at 131. McKinney did not present to the trial court any of the complaints raised under the arguments relating to this issue. Because the errors asserted on appeal were not presented to the trial court, the appellant's error has not been preserved for appellate review. *Id.*; Tex. R.App. P. 33.1. Issue three is overruled. We affirm the judgment.

AFFIRMED.