**In re The COMMITMENT OF Noe RIOJAS.**

**No. 09–06–052 CV.**

Court of Appeals of Texas, Beaumont.

Submitted on Dec. 11, 2006.

Decided April 12, 2007.

Bob Mabry, State Counsel for Offenders, Huntsville, for appellant.

Kerrie Hergenrader, Special Prosecution Unit, Huntsville, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

The State filed a petition seeking to involuntarily civilly commit Noe Riojas. *See* Tex. Health & Safety Code Ann. §§ 841.001–.150 (Vernon 2003 & Supp. 2006). The jury found that Riojas suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Riojas previously had been convicted of indecency with a child in 1992 and aggravated sexual assault of a child in 1998. One child was three and the other eleven. The State's expert witness, a forensic psychiatrist, diagnosed Riojas with pedophilia. The trial court entered a final judgment and order of civil commitment from which Riojas appeals.

Riojas argues the trial court erred in refusing the following jury instruction: "You are instructed that this behavioral abnormality must be an inability to control his violent behavior that would make him more dangerous than the ordinary dangerous recidivist." He asserts he was denied due process under the Fourteenth Amendment because the "constitutional measure of his dangerousness was kept from the jury."

The jury charge defined "behavioral abnormality" as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." In broad-form submission, the charge asked the jury if Riojas "suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence[.]" A finding that a person suffers from an emotional or volitional defect so grave as to predispose him to threaten the health and safety of others with acts of sexual violence entails a determination that he is "more dangerous than the ordinary dangerous recidivist." The requested instruction would merely have emphasized one aspect of the case already implicit in the statutory definition and broad-form question. *See generally In re Commitment of Almaguer,* 117 S.W.3d 500, 505–06 (Tex.App.–Beaumont 2003, pet. denied) (request for separate instruction on loss of control).

The jury charge tracks the language of the statute, broad-form submission was used, and definitions were submitted to assist the jury in answering the question of whether Riojas is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.002(2),(5) (Vernon Supp.2006). The separate instruction requested by Riojas was not needed, and the trial judge did not err in refusing to submit it. We overrule appellant's issue.

The judgment is affirmed.

AFFIRMED.