# In re COMMITMENT OF Darius BRIGGS.

## No. 09–10–00316–CV.

Court of Appeals of Texas, Beaumont.

Submitted June 30, 2011.

Decided Aug. 25, 2011.

Philip A. DeFriend, State Counsel for Offenders, Huntsville, for appellant.

Melinda Fletcher, Special Prosecution Unit, Amarillo, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The State of Texas filed a petition to commit Darius Briggs as a sexually violent predator. *See* Tex. Health Safety Code Ann. §§ 841.001–.150 (West 2010). A jury found that Briggs suffers from a behavioral abnormality that "predisposes" him to engage in a predatory act of sexual violence. The trial court rendered a final judgment and an order of civil commitment. In two issues, Briggs contends that the trial court abused its discretion by (1) overruling his objection to the sole jury question in the trial court's jury charge; and (2) excluding certain testimony during trial. We affirm the trial court's judgment.

### The Jury Charge

■ In issue one, Briggs contends that the trial court abused its discretion by submitting a jury question that did not track section 841.003(a)(2) of the SVP statute. Briggs argues that this alleged error resulted in an improper judgment.

We review a trial court's submission of jury questions for abuse of discretion. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). "The trial court has broad discretion in submitting jury questions so long as the questions submitted fairly place the disputed issues before the jury." *McIntyre v. Comm'n for Lawyer Discipline*, 247 S.W.3d 434, 443 (Tex.App.-Dallas 2008, pet. denied).

In this case, the trial court submitted the following question to the jury: "Do you find beyond a reasonable doubt that DARIUS DAMASCUS BRIGGS suffers from a behavioral abnormality that predisposes him to engage in a predatory act of sexual violence?" Although Briggs's proposed jury charge contained an identical question, Briggs filed a written objection to use of the word "predisposes" and, at the charge conference, Briggs again objected to use of the word "predisposes." Briggs argued that using the word "predisposes" in the jury question misstated the law, reduced the State's burden of proof, and failed to track the applicable statutory language. Briggs reasserts these arguments on appeal.

Section 841.003(a) of the SVP statute defines a "sexually violent predator" as a person who: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person *likely* to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a) (West 2010) (emphasis added). Section 841.002(2) defines a "behavioral abnormality" as a "congeni-

tal or acquired condition that, by affecting a person's emotional or volitional capacity, *predisposes* the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West 2010) (emphasis added).

Briggs contends that the jury must determine whether he suffers from a behavioral abnormality that makes him *likely* to engage in a predatory act of sexual violence. The State contends that the words "likely" and "predisposes" are interchangeable and have been used interchangeably by this Court.[1]

We need not determine whether the words "likely" and "predisposes" are synonymous and may be used interchangeably. The SVP statute expressly requires the judge or jury to "determine whether, beyond a reasonable doubt, the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). The Legislature has set forth various definitions to aid in this determination, including the definition of "behavioral abnormality" found in section 841.002(2) and the definition of "sexually violent predator" found in section 841.003(a). *Id.* §§ 841.002-.003. Reading sections 841.002(2) and 841.003(a)(2) in conjunction, a person, to be found an SVP, must suffer from a behavioral abnormality that predisposes him to commit a sexually violent offense, such that he becomes a menace to the health and safety of another, and that behavioral abnormality makes him likely to

---

1. In SVP proceedings, trial courts have used the words "likely" and "predisposed" interchangeably. *See In re Commitment of Taylor*, No. 09–10–00231–CV, 2010 WL 4913948, at *2–3, 2010 Tex.App. LEXIS 9505, at *6 (Tex. App.-Beaumont Dec. 2, 2010, no pet.) (mem. op.); *see also In re Commitment of Hall*, No. 09–09–00387–CV, 2010 WL 3910365, at *7–8, 2010 Tex.App. LEXIS 8096, at **19–20 (Tex. App.-Beaumont Oct. 7, 2010, no pet.) (mem. op.); *In re Commitment of Riojas*, 220 S.W.3d 195, 196 (Tex.App.-Beaumont 2007, no pet.); *In re Commitment of Almaguer*, 117 S.W.3d 500, 502 (Tex.App.-Beaumont 2003, pet. denied). This Court has not squarely addressed whether the words are synonymous and may be used interchangeably.

engage in a predatory act of sexual violence. *Id.* §§ 841.002(2); 841.003(a)(2). These components should be submitted to the jury in the form of a definition or instruction. Whether a person is a sexually violent predator is the ultimate issue for the jury's determination and should be submitted in the form of a jury question. *Id.* § 841.062(a). In this case, the trial court asked the jury whether Briggs suffers from a behavioral abnormality that predisposes him to engage in a predatory act of sexual violence. This jury question did not precisely track the language of section 841.062(a). *See In re Commitment of Almaguer,* 117 S.W.3d 500, 502 (Tex. App.-Beaumont 2003, pet. denied); *see also McIntyre,* 247 S.W.3d at 443.

▬▬▬ We must, therefore, determine whether Briggs suffered harm as a result of the form of the jury question. We will not reverse unless the error: "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." Tex.R.App. P. 44.1(a). "Charge error is generally considered harmful if it relates to a contested, critical issue." *Columbia Rio Grande Healthcare, L.P. v. Hawley,* 284 S.W.3d 851, 856 (Tex.2009). "Error in the omission of an issue is harmless 'when the findings of the jury in answer to other issues are sufficient to support the judgment.'" *Shupe v. Lingafelter,* 192 S.W.3d 577, 579 (Tex.2006) (quoting *Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743, 750 (Tex.1980)). We look to the entire record to determine whether the jury charge probably caused an improper judgment. *Transcon. Ins. Co. v. Crump,* 330 S.W.3d 211, 225 (Tex.2010).

Briggs contends that the erroneous jury question caused harm by lowering the State's burden of proof and asking the jury to answer the wrong question. The State contends that "[c]onsidering the weight of the evidence ... it [cannot] be concluded that this possible error in the charge probably contributed to an incorrect verdict."

At trial, the State bore the burden of proving that Briggs is a sexually violent predator. A "sexually violent predator" is a person who is a repeat sexually violent offender and suffers from a behavioral abnormality. Tex. Health & Safety Code Ann. § 841.003(a). The trial court granted a directed verdict on the issue of whether Briggs is a repeat sexually violent offender, leaving the jury to determine whether Briggs has a behavioral abnormality, *i.e.,* a congenital or acquired condition that, by affecting Briggs's emotional or volitional capacity, predisposes him to commit a sexually violent offense, such that he becomes a menace to the health and safety of another, and that makes him likely to engage in a predatory act of sexual violence. *Id.* §§ 841.002(2); 841.003(a)(2).

Dr. Jack Randall Price, a psychologist, testified that Briggs is at a high risk of reoffending, does not understand the risk he poses to society, is sexually deviant, is a psychopath, "is a person with little to no control over his emotions and behavior[,]" and demonstrates an "ingrained" pattern of behavior. Dr. Michael Arambula, a forensic psychiatrist, testified that Briggs's denial of his prior offenses indicates that his condition is still active, that denial by a sex offender means that the offender is "likely to repeat" the offense again, and that Briggs's history "shows that he's been sexually dangerous." Arambula testified that Briggs's mental condition and risk factors make Briggs sexually dangerous to society. On cross-examination, Arambula explained that a behavioral abnormality refers to a mental condition, coupled with risk factors, that makes a person "sexually dangerous" such that he poses a "significant risk to the community[.]" Both ex-

perts diagnosed Briggs with various mental conditions and both testified that Briggs suffers from a behavioral abnormality, a congenital or acquired condition that affects his emotional or volitional capacity and predisposes him to commit predatory acts of sexual violence. Briggs did not present expert testimony on his behalf, but he testified that he is not a sex offender, does not need sex offender treatment, can control his behavior and sexual urges, and does not believe he is a "rapist."

During closing arguments, the State argued that Briggs is a predator. The State explained that it has the burden to prove that Briggs has a behavioral abnormality and argued that it proved this requirement through expert testimony. The State defined "behavioral abnormality" as a "congenital or acquired condition that by affecting a person's emotional or volitional capacity predisposes the person to commit a sexually violent offense to the extent that the person becomes a ... threat to the health and safety of another person." Briggs's counsel told the jury that it must determine whether Briggs has a "behavioral abnormality, a congenital or acquired condition that affects his emotional or volitional capacity, which predisposes him to commit a sexually violent offense to the extent that he becomes a menace to the health and safety of another person[.]" Counsel argued that the State failed to prove, beyond a reasonable doubt, that Briggs has a behavioral abnormality that affects his emotional or volitional capacity and predisposes him to commit a sexually violent offense.

Our review of the entire record demonstrates that the evidence in this case was not so sharply conflicting as to warrant reversal because of the improper instruction. *See Crump*, 330 S.W.3d at 226; *see also Quantum Chem. Corp. v. Toennies*, 47

S.W.3d 473, 480 (Tex.2001) ("An improper instruction is especially likely to cause an unfair trial when the trial is contested and the evidence sharply conflicting[.]"). Based on the testimony at trial and the parties' arguments, the jury's finding that Briggs suffers from a behavioral abnormality that predisposes him to engage in a predatory act of sexual violence is sufficient to support the judgment. *See Shupe*, 192 S.W.3d at 579; *see also In re Commitment of Browning*, 113 S.W.3d 851, 860 (Tex.App.-Austin 2003, pet. denied) ("The statute requires commitment to be based on a finding that the person is a sexually violent predator, which means that the person both has a behavioral abnormality—*i.e.*, a congenital or acquired condition affecting his emotional or volitional capacity that predisposes him to commit a sexually violent offense to the extent that he becomes a menace to the health and safety of others—and has been either convicted, or found not guilty by reason of insanity, of two or more sexually violent offenses."). Under the circumstances of this case, we cannot say that the form of the jury question probably caused rendition'of an improper judgment. *See* Tex.R.App. P. 44.1(a). We overrule issue one.

Limitation of Testimony and
Cross–Examination

In issue two, Briggs contends that the trial court abused its discretion by excluding certain testimony on the basis of collateral estoppel or collateral attack. Briggs contends that the trial court abused its discretion by excluding testimony in two instances. He argues that exclusion of the testimony prevented him from presenting his case to the jury and challenging the data relied on by the State's experts.

■■ "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld,*

34 S.W.3d 887, 906 (Tex.2000). "When a ruling excludes evidence, to preserve error the appellant must have made the substance of the evidence known to the trial court through an offer of proof, unless the substance of the evidence was apparent from the context within which the question was asked." *In re Day*, 342 S.W.3d 193, 199 (Tex.App.-Beaumont 2011, no pet. h.) (not yet designated for publication). " 'To properly pass on the question of the exclusion of testimony, the record should indicate the questions that would have been asked, what the answers would have been and what was expected to be proved by those answers.' " *Id.* (quoting *Lopez v. S. Pac. Transp. Co.*, 847 S.W.2d 330, 336 (Tex.App.-El Paso 1993, no writ)).

■ During cross-examination of Dr. Price, Briggs attempted to elicit testimony regarding whether the reports of his sexual offenses indicated an intent to commit sexual assault. The State objected on grounds of collateral estoppel. The trial court sustained the State's objection. The record does not indicate that Briggs made an offer of proof to show the questions he would have asked Price, what Price's answers would have been, and what he expected to prove by Price's answers. He has not preserved error regarding the exclusion of Price's testimony.[2] *See Day*, 342 S.W.3d at 199–200.

■ During Briggs's testimony, his counsel attempted to ask why Briggs pleaded guilty to his sexual offenses. The State objected on grounds of collateral estoppel. The trial court excluded Briggs's testimony. Briggs's counsel subsequently made an offer of proof to show what Briggs's testimony would have been. Briggs testified that he pleaded guilty for various reasons, such as the fact that he was offered an acceptable plea bargain or could not afford an attorney.

■ Collateral estoppel applies where "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994). "A prior conviction may work a collateral estoppel in a subsequent proceeding if the identical issues for which estoppel is sought were litigated and directly determined in the prior criminal proceeding." *Johnston v. American Med. Int'l*, 36 S.W.3d 572, 576 (Tex.App.-Tyler 2000, pet. denied). If an issue was litigated and critical to the prior criminal conviction, the convicted party cannot attack the judgment or any issue necessarily decided by the guilty verdict. *Id.* "[A] criminal defendant cannot litigate the issue of his guilt again in a civil action, since a fully litigated issue should not be retried." *Id.* Likewise, a guilty plea collaterally estops the convicted party from relitigating his guilt because " 'a valid guilty plea serves as a full and fair litigation of the facts necessary to establish the elements of the crime.' " *Id.* (quoting *State Farm Fire Cas. Co. v. Fullerton*, 118 F.3d 374, 378, 384 (5th Cir.1997)).

■ "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex.2005). This Court has stated that a respondent

---

**2.** We also note that the trial court subsequently allowed Briggs to ask Price whether Briggs's convictions contained an element of intent, to which Price answered, "Yes, there is an element of intent in these convictions."

"cannot collaterally attack [a] criminal conviction in [a] commitment proceeding in the district court of Montgomery County." *In re Commitment of Eeds*, 254 S.W.3d 555, 558 (Tex.App.-Beaumont 2008, no pet.).

At the civil commitment proceeding, Briggs sought to testify to the reasons why he pleaded guilty to prior sexual offenses. Briggs's proffered testimony directly relates to his guilt, *i.e.*, whether he pleaded guilty to the sexual offenses because he committed the offenses or whether he pleaded guilty for some other reason. Regardless of the reasons for his guilty pleas, Briggs's guilt had already been determined in the prior criminal proceedings and could not be relitigated. Thus, we cannot conclude that the trial court abused its discretion by excluding Briggs's testimony on grounds of collateral estoppel or collateral attack. *See id.; see also Johnston*, 36 S.W.3d at 576. We overrule issue two.

Having overruled Briggs's two issues, we affirm the trial court's judgment.

AFFIRMED.