In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00087-CV**
_____

**IN RE COMMITMENT OF DARREN DWAYNE GROOM**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-07-08059-CV**

**MEMORANDUM OPINION**

The State filed a petition seeking the involuntary civil commitment of Darren Dwayne Groom as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (the SVP Statute). A jury found Groom suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id*. § 841.003(a)(2) (West 2010). The trial court signed an order of commitment, and Groom filed this appeal from the final judgment. Groom raises three issues on appeal. We conclude that Groom's issues are without merit and affirm the trial court's judgment.

1

## The SVP Statute

In his first issue, Groom argues the Texas Supreme Court's opinion in *In re Commitment of Bohannan*, 388 S.W.3d 296, 302-03 (Tex. 2012) construes the SVP statute in a manner that eliminates proof of certain requisite elements for civil commitment. Groom contends the Supreme Court's interpretation of the statute renders it facially unconstitutional and violates the Fourteenth Amendment. As this Court has already stated, "[w]e do not read the *Bohannan* opinion as eliminating a statutory requirement, or as altering the proof required under the statute to find that a person is a sexually violent predator." *In re Commitment of Anderson*, 392 S.W.3d 878, 886 (Tex. App.—Beaumont 2013, pet. denied). The Supreme Court did not change the statute or render it unconstitutional. *Id*. at 885. We overrule Groom's first issue.

## Limitation of Appellant's Testimony and Cross-Examination

In his second issue, Groom contends the trial court erred in excluding his testimony concerning his 1992 aggravated sexual assault conviction. The State argues that the trial court properly excluded this testimony as an improper collateral attack on a judgment.

A trial court's decision to admit or exclude the testimony of a witness is subject to an abuse of discretion standard of review. *Owens-Corning Fiberglas*

*Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). We have consistently held that a respondent "cannot collaterally attack [a] criminal conviction in [a] commitment proceeding in the district court of Montgomery County." *In re Commitment of Eeds*, 254 S.W.3d 555, 558 (Tex. App.—Beaumont 2008, no pet.); *In re Commitment of Briggs*, 350 S.W.3d 362, 367-69 (Tex. App.—Beaumont 2011, pet. denied).

Groom does not dispute his 1992 conviction for aggravated sexual assault. The indictment in the 1992 case charged that Groom "intentionally and knowingly cause[d] penetration of the female sexual organ of another person . . . without the consent of the [other person] . . . and . . . compelled [her] to submit and participate by the use of physical force and violence, . . . and there intentionally and knowingly use[d] and exhibit[ed] . . . a handgun in the course of the same criminal episode[.]" During the direct examination of Groom, the special prosecutor questioned Groom in detail about his past offenses. Concerning the 1992 conviction, Groom admitted that he approached the complainant while she walked

3

down a street, that he forced her to get on his bike, that he drove her to a nearby school, where he forced her to remove her clothes and lay down on the ground. He admitted to pulling out a gun, but denied holding it to her head. He admitted to having vaginal intercourse, but denied sodomizing her. On cross-examination, Groom's counsel sought to question him further about the 1992 conviction. The State's attorney objected and stated that she believed Groom's counsel was going to attempt to establish that Groom's 1992 victim was a prostitute. The State's attorney argued that this line of questioning was an impermissible collateral attack on the 1992 judgment. The trial court excluded the testimony.

Groom made an offer of proof wherein he testified that the complainant in the 1992 conviction was a prostitute with whom he had consensual sex. He testified that the complainant became angry and called the police when he did not pay her the money she believed due for her services. He testified that he used the gun after they had sex when she requested payment and he did not have the money to pay her. Groom pled guilty to the 1992 offense. Groom's proffered testimony relates directly to his guilt. Groom's guilt had already been determined in the prior criminal proceedings. *See Briggs*, 350 S.W.3d at 369. Based on this record, we conclude the trial court did not abuse its discretion in excluding Groom's

4

testimony as a collateral attack of his 1992 conviction. *See Eeds*, 254 S.W.3d at 558; *Briggs*, 350 S.W.3d at 367-69.

We overrule Groom's second issue.

## Misstatement of Law

In his third issue, Groom contends that the trial judge misstated the law during voir dire. During his remarks to the venire, the trial judge stated:

> You're asked a "yes" or "no" question. And it's basically "yes" Mr. Groom has a behavioral abnormality or "no" he doesn't have [] a behavioral abnormality. That's all that you're asked as a juror.
>
> Does everybody understand that?
>
> This is a civil procedure. It is not a criminal procedure and you're asked, you know -- you get to determine what happens next.
>
> Does everybody understand that?
>
> The Legislature in their infinite wisdom passed a law that says the jury says "yes" or "no" and they leave it up to the judge of the 435th District Court to decide what happens next.
>
> Okay. Anybody going to have a problem with that?
>
> Is anyone going to say "I can't serve as a juror in this court because I don't know what happens [] next"?

Groom contends that these statements were inaccurate because the trial court has no discretion but to civilly commit a respondent when the jury has made the necessary findings under the SVP statute. Groom did not object on these grounds

5

at trial. Groom also failed to raise this issue in his motion for new trial.[1] We conclude that by failing to lodge a timely objection, Groom has not preserved this issue for our review. *See* Tex. R. App. P. 33.1(a).

Having overruled Groom's three issues, we affirm the trial court's judgment. AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 19, 2013
Opinion Delivered June 13, 2013

Before McKeithen, C.J., Gaultney, and Kreger JJ.

---

[1] In a footnote in his appellate brief, Groom implies that it was not necessary for him to preserve this issue for review. In support of this argument, he cites *Caldwell v. Mississippi*, 472 U.S. 320, 323, 105 S. Ct. 2633, 86 L. Ed. 2d 231 (1985), wherein the Supreme Court vacated a capital sentence because the prosecutor's statement to the jury led the jury to believe the ultimate responsibility for determining the appropriateness of the defendant's death sentence rested with an appellate court that would later review the case. We find Groom has inadequately briefed this argument and that he presents nothing for review. *See* Tex. R. App. P. 38.2.