**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00083-CV**
_____

**IN RE COMMITMENT OF PHILIP McCARTY**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-04-04214-CV**

**MEMORANDUM OPINION**

Philip McCarty challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). He raises jurisdictional, constitutional, evidentiary, and fundamental-error challenges, and he argues the evidence is legally and factually insufficient to support a finding that he is a sexually violent predator. We find no reversible error in any of the issues. The trial court's judgment is therefore affirmed.

THE STATUTE

The State was required to prove beyond a reasonable doubt that McCarty is a sexually violent predator. *Id.* § 841.062(a) (West 2010). A person is a "sexually

1

violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012).

## THE CONVICTIONS

McCarty pleaded guilty to two offenses of attempted sexual assault in 2002 and, under a plea bargain, received five-year concurrent sentences. Within seven months after his 2007 release from prison, he was charged with another attempted sexual assault. McCarty pleaded guilty and received a five-year sentence under another plea bargain.

## JURISDICTION

In issue one, McCarty argues the trial court lacked subject-matter jurisdiction over the State's civil commitment petition. He argues that the State's claim was not ripe.[1] He contends that the SVP statute does not apply to persons

---

[1]The State argues that McCarty failed to preserve his complaint for appellate review. The ripeness component of subject matter jurisdiction cannot be waived

2

who are facing parole instead of unconditional release, or to someone like himself, who was denied parole, and whose SVP case was abated for a year.[2] We rejected similar arguments in *In re Commitment of Evers*, No. 09-11-00430-CV, 2012 WL 6213508, at **1-5 (Tex. App.—Beaumont Dec. 13, 2012, pet. denied) (op. on reh'g) and *In re Commitment of Robertson*, No. 09-09-00307-CV, 2010 WL 3518509, at **12-13 (Tex. App.—Beaumont Sept. 9, 2010, pet. denied) (mem. op.). We find nothing in Chapter 841 to indicate the Legislature intended to divest the trial court or this Court of jurisdiction if the person's anticipated release date is not within a certain prescribed time frame. *In re Commitment of Evers*, 2012 WL 6213508, at **4-5; *In re Commitment of Robertson*, 2010 WL 3518509, at **12-13. Issue one is overruled.

CONSTITUTIONAL CHALLENGE

In issue two, McCarty contends that the Texas Supreme Court's opinion in *In re Commitment of Bohannan* interpreted the SVP statute in such a way as to render sections 841.002(2) and 841.003(a)(2) of Chapter 841 facially unconstitutional.

---

and may be raised for the first time on appeal. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000).

[2]Anticipating McCarty would be released on parole on June 29, 2010, the State filed its civil commitment petition in April 2010. McCarty was not released on parole on the anticipated date. The trial court abated this case until July 22, 2011.

3

*See In re Commitment of Bohannan,* 388 S.W.3d 296 (Tex. 2012), *cert. denied*, 2013 WL 1499264 (U.S. May 28, 2013), *see also* Tex. Health & Safety Code Ann. §§ 841.002(2), 841.003(a)(2). We have considered and rejected these arguments before. *See In re Commitment of Anderson*, 392 S.W.3d 878, 885-86 (Tex. App.—Beaumont 2013, pet. denied). We therefore overrule issue two.

EVIDENTIARY ISSUES AND COLLATERAL ESTOPPEL

In issues three and four, McCarty argues the trial court erred in not permitting him to question Dr. Thorne about, and to argue to the jury concerning, whether McCarty specifically intended to sexually assault the complainant in a misdemeanor assault and the complainants in three attempted-sexual-assault offenses. McCarty argues the trial court's ruling was fundamentally unfair, that the State was permitted to "relitigate these cases" in the civil commitment proceeding without providing him the same opportunity, and that the trial court should not have allowed use of collateral estoppel by the State.

McCarty contends he did not commit attempted sexual assault in the three felony cases if he did not have the specific intent to commit a sexual assault. The trial court essentially characterized McCarty's line of questioning on specific intent as a collateral attack on the underlying offenses.

4

The admission or exclusion of evidence is reviewed under an abuse of discretion standard. *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, L.L.C.*, 386 S.W.3d 256, 262 (Tex. 2012). A judgment will not be reversed based on the admission or exclusion of evidence unless the appellant establishes that the trial court's ruling was in error and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *In re Commitment of Salazar*, No. 09-07-345 CV, 2008 WL 4998273, at *2 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.); *see also* Tex. R. App. P. 44.1.

The State contends McCarty waived this issue, because he never made an offer of proof to show how Dr. Thorne and Dr. Self would have answered the questions. *See In re Commitment of Dees*, No. 09-11-00036-CV, 2011 WL 6229555, at *5 (Tex. App.—Beaumont Dec. 15, 2011, pet. denied) (mem. op.). Regardless, the requested challenge relating to the three attempted-sexual-assault offenses would have been an attempt to refute the judgments of conviction. Under section 15.01(a) ("Criminal Attempt") of the Penal Code, a person "commits an offense [of attempted sexual assault] if, with specific intent to commit an offense [of sexual assault], he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (West 2011). McCarty pleaded guilty to and was convicted of

5

three offenses of attempted sexual assault. A challenge to the "specific intent" element of the prior offenses is a collateral attack on those convictions.

In *In re Commitment of Briggs*, we held that a respondent cannot collaterally attack a criminal conviction in a commitment proceeding in the district court of Montgomery County. *In re Commitment of Briggs*, 350 S.W.3d 362, 368-69 (Tex. App.—Beaumont 2011, pet. denied). A conviction based on a guilty plea operates to collaterally estop the convicted party from relitigating his guilt because a valid guilty plea serves as a full and fair determination of the facts necessary for establishing the elements of the crime. *Id.* at 368. Citing an Arizona case, McCarty asks that we reexamine our decision in *Briggs*. *See Picaso v. Tucson Unified Sch. Dist.*, 171 P.3d 1219, 1221-22 (Ariz. 2007). We decline to do so.

McCarty also contends the State itself relitigated the issue of specific intent through the testimony of its witnesses, as well as through the factual details of the offenses about which they testified, and it is unfair to limit his cross-examination of the experts on that issue. And he asserts he had no opportunity to challenge that testimony.

Under Rule 705 of the Texas Rules of Evidence, an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which the expert bases an opinion. Tex. R. Evid. 705(a); *In re*

6

*Commitment of Yaw*, No. 09-08-042 CV, 2008 WL 5096511, at *1 (Tex. App.—Beaumont Dec. 4, 2008, no pet.) (mem. op.). "When an expert relies upon hearsay in forming his opinion, and it is of a type reasonably relied upon by such experts, the jury is generally permitted to hear it." *In re Commitment of Salazar*, 2008 WL 4998273, at *4. Rule of Evidence 705 provides in part that inadmissible evidence relied upon by an expert shall be excluded if the danger that it will be used for some purpose "other than as explanation or support for the expert's opinion outweighs [its] value as explanation or support or [is] unfairly prejudicial." Tex. R. Evid. 705(d); *see also In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 WL 2616921, at *9 (Tex. App.—Beaumont Aug. 27, 2009, no pet.) (mem. op.). The trial court gave the jury a limiting instruction explaining that the information contained in the records reviewed by the experts was admitted only for the purpose of showing the basis of the expert's opinion. The trial court properly allowed the expert witnesses to testify to the underlying facts and details of the offenses, and the trial court properly precluded McCarty from introducing evidence that involved a collateral attack on the attempted-sexual-assault convictions.

McCarty also argues that the misdemeanor offense was not a sexual assault conviction, and he should have been allowed to ask questions on specific intent. No harm resulted, however, from the trial court's refusal to allow McCarty to

question the experts regarding specific intent for a misdemeanor assault conviction. The experts' testimony regarding the evidence surrounding the three attempted-sexual-assault convictions was sufficient to support a finding that McCarty was a sexually violent predator. We overrule issues three and four.

SUFFICIENCY OF THE EVIDENCE

In issues five and six, McCarty argues the evidence is legally and factually insufficient to find he is likely to engage in a predatory act of sexual violence. *See In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied) (legal sufficiency standard of review); *see also In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied) (factual sufficiency standard of review). McCarty asserts that without evidence to support the specific-intent findings for the misdemeanor offense and for the three attempted sexual assaults, the State's evidence shows only that he is likely to engage in a continuing pattern of misdemeanors, not predatory acts of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.003(a)(2) (West 2010), § 841.002(8) (West Supp. 2012).

Sexual assault is committed intentionally or knowingly. Tex. Penal Code Ann. § 22.011 (West 2011). A person commits a criminal attempt "with specific intent to commit an offense[.]" Tex. Penal Code Ann. § 15.01(a). The record

8

reveals that McCarty pleaded guilty to and was convicted of three offenses of attempted sexual assault, and he acknowledged during his trial testimony that he committed those offenses.

The State's expert witnesses, Dr. Thorne and Dr. Self, testified that McCarty suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. They explained their diagnoses, which included sexual deviance and sexual disorders; paraphilia not otherwise specified; polysubstance dependence; antisocial personality disorder; and mood disorder. Both experts testified to McCarty's risk factors for reoffending with a sexually violent offense: escalation of behavior that becomes increasingly deviant, violent, or abnormal; pattern of sexually deviant behavior from age twelve through adulthood; history of antisocial behavior and difficulty controlling his impulses; history of difficulty following rules and laws; reoffending with a sexually violent offense after completion of the sentences for the first two offenses; failure to recognize a need for sex offender treatment; minimization and rationalization of his offenses; drug abuse history; and an unstable relationship history.

The jury determines the credibility of the witnesses, weighs the testimony and the other evidence, resolves any conflicts in the evidence, and draws reasonable inferences from basic facts to ultimate facts. *In re Commitment of*

9

*Mullens*, 92 S.W.3d at 887. On this record, a rational jury could find beyond a reasonable doubt that McCarty is a sexually violent predator. The evidence is legally sufficient, and there is no risk of injustice that requires a new trial under the factual sufficiency standard. We overrule issues five and six.

FACTS OR DATA UNDERLYING EXPERTS' OPINIONS

In issue seven, McCarty argues the trial court abused its discretion in allowing the State's experts to disclose hearsay facts or data underlying their opinions. McCarty references another expert's earlier report which concluded that McCarty has a behavioral abnormality. Both Dr. Thorne and Dr. Self testified that the records they reviewed in formulating their opinions, including the report, are of the type relied on by experts in their fields. *See In re Commitment of Salazar*, 2008 WL 4998273, at \*4.

Rule 705 states that if otherwise inadmissible evidence relied on by an expert is disclosed to the jury, the court must give the jury a limiting instruction upon request. Tex. R. Evid. 705(d). The trial court gave a limiting instruction explaining to the jury that this "evidence [of details of offenses that are contained in the records reviewed by experts] is admitted only for the purpose of showing the basis of the expert's opinion." We have previously overruled issues regarding the disclosure of information on which the experts relied in forming their opinions

when the information is accompanied by a limiting instruction. *See* Tex. R. Evid. 705; *In re Commitment of Reed*, No. 09-11-00484-CV, 2012 WL 1072255, at \*\*1-2 (Tex. App.—Beaumont Mar. 29, 2012, no pet.) (mem. op.); *In re Commitment of Ford*, No. 09-11-00425-CV, 2012 WL 983323, at \*2 (Tex. App.—Beaumont Mar. 22, 2012, no pet.) (mem. op.); *In re Commitment of Day*, 342 S.W.3d at 197-98. It is presumed the jury followed the court's instructions. Appellant does not attack the phrasing of the instruction. We overrule issue seven.

CUMULATIVE EFFECT

In issue eight, McCarty contends that the cumulative effect of preserved and unpreserved errors in this case is fundamental error that deprived him of a fundamentally fair trial. The preserved issues McCarty raises on appeal do not constitute reversible error. This Court has held that in an SVP case a party must preserve error in the trial court, or the error is waived. *See In re Commitment of Cox*, No. 09-11-00100-CV, 2012 WL 759049, at \*\*1-2 (Tex. App.—Beaumont Mar. 8, 2012, pet. denied) (mem. op.). Issue eight is overruled. The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

11

Submitted on June 4, 2013
Opinion Delivered June 27, 2013

Before Gaultney, Kreger, and Horton, JJ.