In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00485-CV
_____


IN RE COMMITMENT OF JOSEPH TRUEMAN COUNCIL

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-01-00207 CV**

_____

**MEMORANDUM OPINION**

After a jury found Joseph Trueman Council to be a sexually violent predator, the trial court rendered an order of civil commitment and Council appealed. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013) (SVP statute). In six issues, Council challenges the constitutionality of the SVP statute, the trial court's admission and exclusion of testimony during his trial, and whether legally and factually sufficient evidence supports the jury's verdict. Because we conclude that Council's issues are without merit, we affirm the trial court's judgment.

1

## Constitutional Challenges

In two of his issues, Council challenges the constitutionality of the SVP statute. In issue one, Council contends the SVP statute, as interpreted by the Texas Supreme Court in *In re Commitment of Bohannan*, 388 S.W.3d 296, 302-03 (Tex. 2012), *cert. denied*, 133 S.Ct. 2746 (2013), is facially unconstitutional and violates his Fourteenth Amendment right to due process. In issue two, Council argues that the term "behavioral abnormality" is unconstitutionally vague, which he contends relieved the State of its burden of proving some of the elements it must establish to prove that he is a sexually violent predator.

The record shows that Council did not present the constitutional claims that he presents for the first time on appeal in the trial court. Because Council was required, but failed, to first present these claims at trial, we conclude that issues one and two were not properly preserved for our review. *See In re Commitment of McKinney*, 153 S.W.3d 264, 265 (Tex. App.—Beaumont 2004, no pet.); *see also* Tex. R. App. P. 33.1.

## Admission and Exclusion of Testimony

In issue three, Council argues the trial court erred when it refused to permit his expert witness, Dr. Roger Saunders, to rebut various underlying facts that concerned his convictions for committing sexually violent offenses. Arguing that

the trial court erred by reasoning that the testimony at issue represented a collateral attack on his criminal convictions, Council complains the trial court should not have excluded the testimony now at issue from the jury. In his appeal, Council suggests that he was not attempting to attack the validity of his criminal convictions; instead, he contends that the testimony the trial court excluded would have rebutted facts that were relied on by the State to support its claim that Council is a pedophile. According to Council, the excluded testimony was relevant because it tends to show that his prior sexual offenses were not "driven by a sexual attraction to a prepubescent child or for purposes of victimization."

"We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *In re Commitment of Tesson*, 413 S.W.3d 514, 519 (Tex. App.—Beaumont 2013, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). But, for the trial court and appellate courts to evaluate the merits of whether an evidentiary ruling was either arbitrary or unreasonable, the record must substantially show what evidence the trial court excluded. *See In re Commitment of Briggs*, 350 S.W.3d 362, 368 (Tex. App.—Beaumont 2011, pet. denied) (quoting *In re Commitment of*

3

*Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied)); *see also* Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.1(a)(1)(B). "'To properly pass on the question of the exclusion of testimony, the record should indicate the questions that would have been asked, what the answers would have been and what was expected to be proved by those answers.'" *Briggs*, 350 S.W.3d at 368 (quoting *Day*, 342 S.W.3d at 199 (additional citation deleted)).

In Council's case, the record does not substantially demonstrate what Dr. Saunders would have said had the trial court not sustained the State's objections to the testimony now at issue in his appeal. For instance, Council did not make an offer of proof to substantially demonstrate what Dr. Saunders's testimony would have been had he been allowed to answer the questions at issue. *See* Tex. R. Evid. 103(a)(2); *Briggs*, 350 S.W.3d at 368. Because the record does not disclose what Dr. Saunders would have said had he been allowed to answer the questions at issue, the alleged errors were not properly preserved for our review on appeal. *See* Tex. R. App. P. 33.1(a)(1)(B); *Briggs*, 350 S.W.3d at 368. We overrule issue three.

In issue four, Council argues the trial court should have granted his motion to strike the testimony of Dr. Lisa Clayton, a psychiatrist. According to Council, the trial court should have excluded Dr. Clayton's testimony because her opinions were unreliable and conclusory. However, during trial, Council never lodged

timely objections to Dr. Clayton's testimony on the basis that her opinions were unreliable, nor are we persuaded that the record demonstrates that her opinions were wholly conclusory.[1]

An objection to reliability that requires the trial court to evaluate the expert's methodology must be timely. Tex. R. App. P. 33.1(a)(1) (providing that to preserve error, a defendant's challenge, whether by request, objection, or motion, must be timely); *In re Commitment of Grunsfeld*, No. 09-09-00279-CV, 2011 Tex. App. LEXIS 1337, at *16 (Tex. App.—Beaumont Feb. 24, 2011, pet. denied) (mem. op.); *see also City of San Antonio v. Pollock*, 284 S.W.3d 809, 817-18 (Tex. 2009). Council has not shown that he challenged the reliability of Dr. Clayton's testimony at a time that would have allowed the trial court to conduct an analysis of her underlying methodology. *See id.* By failing to timely challenge Dr. Clayton's underlying methodology, Council failed to properly preserve most of the

---

[1]After the jury heard Dr. Clayton's testimony, Council made an oral motion to strike Dr. Clayton's testimony on the grounds that she used an improper methodology; additionally, the record reflects that Council filed his written motion challenging Dr. Clayton's methodology after the date established by the docket control order for filing motions addressing the exclusion of expert witness testimony. The docket control order's deadline for filing "[a]ll motions to exclude expert testimony and evidentiary challenges to expert testimony" was April 30, 2012, absent leave of court. The record does not reflect that the trial court granted relief from the deadlines established in its docket control order.

arguments he makes in issue four about the reliability of her opinions. *See* Tex. R. App. P. 33.1(a).

While Council did preserve his right to argue that Dr. Clayton's opinions were so conclusory that they constitute no evidence to support the jury's conclusions, the record shows that Dr. Clayton's opinions cannot be characterized as wholly conclusory, and her testimony is relevant to the State's claim that Council is a sexually violent predator under the SVP statute. The evidence admitted during Council's trial established that Dr. Clayton is licensed as a psychiatrist. In forming her opinions about the likelihood that Council would reoffend, Dr. Clayton explained that she interviewed Council and that she reviewed records containing information about his sexual history. The records Dr. Clayton reviewed are the type of records that are typically relied upon by health experts. Dr. Clayton also explained that she assessed Council in a manner that is consistent with her training, and she explained how she used Council's records in forming her opinions about his condition. For example, Dr. Clayton explained during Council's trial that she relied on Council's prior convictions for sexually violent crimes in forming her opinion that Council has a "behavioral abnormality," and she explained that based on her interview of Council, her review of his records, as well as her training, she diagnosed Council with pedophilia (nonexclusive type) and

6

mixed personality disorder (not otherwise specified with antisocial and narcissistic traits). Dr. Clayton also explained how Council's actuarial scores on psychological tests contributed to her opinion that Council would likely reoffend. After explaining her methodology, Dr. Clayton expressed the opinion that Council has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Council also argues that the opinions Dr. Clayton expressed at trial are speculative because she failed to connect the general danger of sexual recidivism to Council's specific risk of reoffending. According to Council, Dr. Clayton's testimony does not establish that he is likely to engage in a predatory act of sexual violence for the primary purpose of victimization. *See* Tex. Health & Safety Code Ann. § 841.003(a)(2) (West Supp. 2013); *see also id.* § 841.002(5) (West Supp. 2013) (defining predatory act as an "act directed toward individuals, including family members, for the primary purpose of victimization").

The record reflects that Dr. Clayton relied on Council's convictions for six sexually violent offenses in reaching her conclusion that Council is a "sexually violent predator." *See id.* § 841.002(8)(A) (West Supp. 2013) (defining "sexually violent offense" to include, among other offenses, indecency with a child by contact, sexual assault of a child, and aggravated sexual assault of a child). Dr.

7

Clayton testified that Council's diagnoses of pedophilia and mixed personality disorder evidence that he has a condition affecting his emotional and volitional capacity. Dr. Clayton explained the risk factors that make Council likely to reoffend. Specifically, Dr. Clayton explained how Council's being a victim himself when he was a child has "helped to create the behavioral abnormality that he has today and propagates his continued victimization of other children." According to Dr. Clayton, Council has a very high risk of engaging in a predatory act of sexual violence.

The record demonstrates that Dr. Clayton presented a professional opinion that represents "a reasoned judgment based upon established research and techniques for [her] profession and not the mere *ipse dixit* of a credentialed witness." *See Day*, 342 S.W.3d at 206. We conclude that the record does not demonstrate that Dr. Clayton's opinions are wholly conclusory or that they have no foundation. Council has also not shown that the trial court abused its discretion by admitting Dr. Clayton's testimony that Council is a sexually violent predator who will likely reoffend. We overrule issue four.

Sufficiency of the Evidence

In issues five and six, Council argues the evidence admitted during his trial is legally and factually insufficient to support the jury's finding that he is a

8

sexually violent predator. Council's sufficiency arguments address the weight the jury gave to the testimony of Dr. Clayton. According to Council, the State's case depended wholly on Dr. Clayton's opinions, and he argues that Dr. Clayton's opinions did not sufficiently prove, beyond reasonable doubt, that he is a sexually violent predator.

When reviewing challenges to the legal sufficiency of the evidence in SVP cases, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier-of-fact could find, beyond a reasonable doubt, each of the elements the State must prove to support a judgment ordering the defendant's civil commitment. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). In SVP cases, the State must prove the elements of its case beyond a reasonable doubt. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010).

To prevail on his legal sufficiency issue, Council must demonstrate that no evidence supports the jury's finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Christus St. Mary Hosp. v. O'Banion*, 227 S.W.3d 868, 873 (Tex. App.—Beaumont 2007, pet. denied). In reviewing factual sufficiency challenges to verdicts in SVP cases, we weigh the evidence to determine whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that

compels our ordering a new trial. *Day*, 342 S.W.3d at 213. Council's arguments in issues five and six rely on the same reliability arguments he advances in issue four, as the arguments focus on the claim that Dr. Clayton's testimony was not reliable.

As previously discussed in issue four, the record reflects that Council failed to make timely objections or motions challenging the reliability of the opinions Dr. Clayton expressed during the trial; therefore, he must now show in his appeal that the evidence before the jury offers no basis to support Dr. Clayton's opinions to prevail on his legal sufficiency claim. *See In re Commitment of Barbee*, 192 S.W.3d 835, 843 (Tex. App.—Beaumont 2006, no pet.). "When a scientific opinion is admitted in evidence without objection, it may be considered probative evidence even if the basis for the opinion is unreliable." *Pollock*, 284 S.W.3d at 818. "But if no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence, regardless of whether there is no objection." *Id.*

Because the record does not demonstrate that her opinions were wholly conclusory or without any foundation, the trial court acted properly in admitting Dr. Clayton's opinions, and the jury properly considered her opinions to reach its verdict. We conclude that Dr. Clayton's testimony, together with the other evidence before the jury, offers legally sufficient evidence to support the jury's

10

finding that Council is a sexually violent predator. *See Mullens*, 92 S.W.3d at 885. We further conclude that the risk of an injustice arising from the jury's verdict is slight because the evidence supporting the verdict is legally sufficient to establish that Council is a sexually violent predator. *See Day*, 342 S.W.3d at 213. We overrule issues five and six.

Because we have determined that Council is not entitled to the relief he requests in any of his issues, the trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 2, 2013
Opinion Delivered March 27, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.