**Opinion issued September 25, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00918-CV

————————————

## IN RE COMMITMENT OF THOMAS LEE ROBERTS

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Court Case No. 12-11-12508-CV

## MEMORANDUM OPINION[1]

In June 2013, the trial court issued a civil commitment order based on a jury

finding that Thomas Lee Roberts is a sexually violent predator. *See* TEX. HEALTH

---

[1]     On October 17, 2013, the Texas Supreme Court ordered this appeal transferred
from the Court of Appeals for the Ninth District of Texas. *See* TEX. GOV'T CODE
ANN. § 73.001 (West 2013) (authorizing transfer of cases). We are unaware of
any conflict between the precedent of the Court of Appeals for the Ninth District
and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

& SAFETY CODE ANN. §§ 841.001–.150 (West 2010 & Supp. 2014) (Sexually Violent Predator "SVP" statute). Roberts challenges the order, contending that the trial court erred in (1) excluding testimony proffered by his forensic psychologist and (2) denying voir dire examination about the meaning of "likely," as used in the SVP statute in the context of "likely to reoffend," and about the general credibility of expert testimony. We affirm.

## Background

Roberts was confined to the Texas Department of Corrections, serving a sentence for one conviction for sexual assault and two convictions for aggravated sexual assault of a child. Before his release was scheduled, the State instituted civil commitment proceedings. The State proved Roberts's prior convictions and presented expert testimony from Michael Arambula, a forensic psychiatrist. Dr. Arambula diagnosed Roberts with pedophilia, personality disorder with antisocial features, and borderline intellectual functioning. Based on these diagnoses, the criminal court records, and other factors, Dr. Arambula opined that Roberts suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. In rebuttal, Roberts presented testimony from his own forensic psychologist, Marisa Mauro. She disagreed with Dr. Arambula's opinion.

**Discussion**

**I.    Exclusion of Mauro's testimony**

Roberts contends that the trial court erred in excluding Dr. Mauro's expert testimony concerning the basis of her opinion, in which she described inconsistencies in the statements of the complaining witness in Roberts's underlying convictions for child sexual assault.

We review a trial court's evidentiary rulings for an abuse of discretion. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *In re Commitment of Tesson*, 413 S.W.3d 514, 519 (Tex. App.—Beaumont 2013, pet. denied).  A trial court abuses its discretion when it acts without reference to any guiding rules or principles or if it acts arbitrarily and unreasonably.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Dr. Mauro testified that, while Roberts admitted to pleading guilty to and having been convicted of three sexual offenses, including two for aggravated sexual assault of a child, he denied having committed the conduct underlying the two convictions for aggravated sexual assault of a child.  Dr. Mauro explained she thought the evidence of the child complainant's outcry statements in those cases showed a number of inconsistencies.  At that point, the trial court excused the jury and asked Dr. Mauro whether her opinion of the complainant's veracity affected her opinion about whether Roberts had a behavioral abnormality.  Dr. Mauro

3

responded, "No, my opinion stays the same." The trial court replied, "We don't need to talk about that then." Dr. Mauro testified to her belief that the child complainant's statements contained too many inconsistencies to support a diagnosis of pedophilia.

The trial court refused defense counsel's request to cross-examine Dr. Arambula on the issue. The court reasoned that an expert's belief or disbelief of the complainant's outcry statements was admissible as a basis for rendering the expert's opinion, but that it would not permit Dr. Mauro to critique the reliability of Dr. Arambula's opinion based on her own finding, counter to two of Roberts's prior convictions, that Roberts had not sexually assaulted the child complainant.

The trial court acted within its discretion in concluding that Dr. Mauro's proffered testimony was an improper attempt to refute the factual basis for Roberts's prior convictions. *See In re Commitment of Ramirez*, 2013 WL 5658597, *5 (Tex. App.—Beaumont Aug. 29, 2013, no pet.) (mem. op.) ("Ramirez could not challenge the facts of his final criminal convictions in a civil commitment proceeding."); *In re Commitment of Briggs*, 350 S.W.3d 362, 368–69 (Tex. App.—Beaumont, pet. denied) (holding that respondent cannot collaterally attack criminal conviction in commitment proceeding). A trial court must exclude the underlying facts or data used to explain or support an expert's opinion if the danger that they will be used for an impermissible purpose outweighs their value as

4

explanation or support for the expert's opinion or if the excluded material is unfairly prejudicial. TEX. R. EVID. 705(d); *In re Commitment of Allen*, No. 09-11-00449-CV, 2012 WL 3860466, *2 (Tex. App.—Beaumont Sept. 6, 2012, no pet.) (mem. op.).

Dr. Arambula acknowledged some of the flaws in the child complainant's statements that Dr. Mauro had noted. Through Dr. Mauro, Roberts sought to criticize Dr. Arambula's decision to credit the veracity of these outcry statements—the basis for the allegations to which Roberts pleaded guilty—and to suggest that Dr. Arambula's decision to credit them given the internal inconsistencies rendered Dr. Arambula's opinion unreliable. We hold that the trial court did not abuse its discretion in excluding the proffered testimony.

## II.    Limits on Voir Dire

### A.  *Standard of review*

Subject to reasonable trial court control, "[l]itigants have the right to question potential jurors to discover biases and to properly use peremptory challenges." *In re Commitment of Hill*, 334 S.W.3d 226, 228–29 (Tex. 2011) (citing *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 749–50 (Tex. 2006)). We review a trial court's rulings on voir dire for an abuse of discretion. *Hill*, 334 S.W.3d at 229; *Commitment of Ramirez*, 2013 WL 5658597, at *3; *In re Commitment of Larkin*, 161 S.W.3d 778, 780 (Tex. App.—Beaumont 2005, no

pet.). "[A] court abuses its discretion when its denial of the right to ask a proper question prevents determination of whether grounds exist to challenge for cause or denies intelligent use of peremptory challenges." *Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 709 (Tex. 1989).

### B. Excluded question on application of "likely"

During voir dire, Roberts's counsel sought to ask the venire panel to respond with their level of agreement or disagreement with the following statement:

> 1% possibility he will reoffend means he's
> likely to reoffend.
>
> 1 ------------- 2 ------------- 3 ------------- 4
> disagree                                    agree

The trial court sua sponte barred defense counsel's inquiry as an improper commitment question. Roberts claims that the ruling is incorrect.

"A commitment question is one that commits a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact." *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012) (citing *Standefer v. State,* 59 S.W.3d 177, 179 (Tex. Crim. App. 2001)). Inclusion of case-specific facts can render a question improper if the question seeks to elicit opinions about those facts before the evidence is presented rather than to reveal a panel member's preexisting bias or prejudice. *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005).

6

Chapter 841 defines a sexually violent predator, in part, as a person who "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.003(a). The statute does not define "likely." *See id.* § 841.002. "When words are not specifically defined by the Legislature, they are to be understood as ordinary usage allows, and jurors may freely read the statutory language to have *any* meaning which is acceptable in common speech." *Teer v. State*, 923 S.W.2d 11, 19 (Tex. Crim. App. 1996) (emphasis in original); *see* TEX. GOV'T CODE ANN. § 311.011(a) (West 2013 & Supp. 2014) (Absent a statutory definition, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.").

Roberts's question did not simply seek to explore the venire members' understanding of the term "likely"; it sought to gauge their understanding based on a statistical percentage measure that anticipated the defense expert's testimony on Roberts's likelihood of reoffending. At trial, Dr. Mauro testified that she applied a risk-assessment methodology under one actuarial test to conclude that Roberts's score placed him in the portion of the tested subject population with a 1.2 percent chance of reoffending within a five-year period following release. Dr. Mauro ultimately opined that Roberts was not likely to reoffend.

"When the voir dire includes a preview of the evidence, a trial court does not abuse its discretion when 'refusing to allow questions that seek to determine the weight to be given (or not to be given) a particular fact or set of relevant facts.'" *In re Commitment of Barbee*, 192 S.W.3d 835, 846 (Tex. App.—Beaumont 2006, no pet.) (quoting *Hyundai Motor Co.*, 189 S.W.3d at 753). We hold that the trial court did not abuse its discretion in excluding the specific question posed by Roberts.

## C. Excluded questions on expert rate of error

Roberts further complains that the trial court erred in refusing to let defense counsel ask the jury panel members whether, before crediting expert testimony, they would want to know whether the expert's opinions have been proven to be correct, or whether they "would believe an expert who has never bothered to find out if [his] opinions were correct or not?"

We hold that the trial court acted within its discretion in preventing this line of inquiry. In enacting the statute, the Legislature deemed the cost of empirical experimentation into whether a predator would reoffend to be too high. *Accord In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 WL 3355758, *6–8 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.). The trial court could reasonably have concluded that the proffered question could confuse or mislead the jurors in evaluating the credibility and weight of the expert testimony.

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.